Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

CLERK US DISTRICT COURT
NORTHERN DIST OF TX
FILED

# UNITED STATES DISTRICT COURT

2017 OCT 11   PM 3: 18

for the

Northern District of Texas

DEPUTY CLERK_____

Dallas Division

Case No. **317 - CV 2794 - G**

*(to be filled in by the Clerk's Office)*

| |
|---|
| Tracy Oden |

_____

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

**-v-**

| |
|---|
| Infosys Limited |

_____

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

Jury Trial: *(check one)*   ☒ Yes   ☐ No

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

## COMPLAINT FOR A CIVIL CASE

### I.   The Parties to This Complaint

#### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Tracy Oden |
| Street Address | 7825 Heathrow Dr. |
| City and County | Irving, Dallas County |
| State and Zip Code | 75063 |
| Telephone Number | 678-847-1225 |
| E-mail Address | tracy.oden@outlook.com |

#### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

    Name                                David D. Kennedy

    Job or Title *(if known)*       Executive Vice President, General Counsel

    Street Address               4009 Miranda Ave.

    City and County             Palo Alto, Santa Clara County

    State and Zip Code          94304

    Telephone Number          (650) 320-4200

    E-mail Address *(if known)*

Defendant No. 2

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal question          ☒ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.     If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

### B.     If the Basis for Jurisdiction Is Diversity of Citizenship

1.     The Plaintiff(s)

   a.     If the plaintiff is an individual

   The plaintiff, *(name)*  Tracy Oden                          , is a citizen of the State of *(name)*  Texas                           .

   b.     If the plaintiff is a corporation

   The plaintiff, *(name)*                          , is incorporated under the laws of the State of *(name)*                           ,

   and has its principal place of business in the State of *(name)*

   _____ .

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.     The Defendant(s)

   a.     If the defendant is an individual

   The defendant, *(name)*                          , is a citizen of the State of *(name)*                           . Or is a citizen of *(foreign nation)*                           .

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

      b.     If the defendant is a corporation

The defendant, *(name)*   Infosys Limited   , is incorporated under the laws of the State of *(name)*   , and has its principal place of business in the State of *(name)*   .

Or is incorporated under the laws of *(foreign nation)*   India   , and has its principal place of business in *(name)*   California   .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.     The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

Estimation would be more than $1,000,000 to include lost wages, future wages, lost guarnateed bonus, damages to reputation, emotional pain and anguish, punitive damages and attoney's fees.

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See Exhibit A

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See Exhibit A

## V.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    _10 - 11 - 2017_

Signature of Plaintiff    _____

Printed Name of Plaintiff    Tracy Oden

### B.     For Attorneys

Date of signing:    _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Street Address    _____

State and Zip Code    _____

Telephone Number    _____

E-mail Address    _____

# EXHIBIT A:

Plaintiff, Tracy Oden v. Defendant, Infosys Limited
Case #

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

In the Matter of:

TRACY ODEN,
               Plaintiff

      v.

INFOSYS LIMITED,
              Defendant

Case #_____

## WRONGFUL TERMINATION COMPLAINT AND JURY DEMAND

Plaintiff Tracy Oden, complaining of Infosys Limited, would show as follows:

1. Plaintiff is an individual.

2. Defendant is a corporation, incorporated under the laws of India and has its principal place of business in Palo Alto, CA., and may be served with summons through any officer or managing agent at 4009 Miranda Ave, Palo Alto, CA, 94304 or may be served with summons through any officer or managing agent at Vedder Price P.C. c/o Patrick W. Spangler or Michelle T. Olson at 222 North LaSalle Street Chicago, Illinois 60601.

### Jurisdiction

3. This Court has jurisdiction over this suit under 28 U.S.C. §1332 Diversity of Citizenship.

### Venue

4. Venue is proper under 28 U.S.C. §1332 Diversity of Citizenship because Defendant transacts business in this District and Division and the acts and

1

# EXHIBIT A:

Plaintiff, Tracy Oden v. Defendant, Infosys Limited
Case #

omissions on which this action is based occurred while Plaintiff lived in this District and Division and was employed by Defendant in this District and Division.

Facts

5.  Tracy Oden (hereinafter referred to as Plaintiff) is a former employee of Infosys Limited. Plaintiff held the title of Sr. Practice Engagement Manager in the Salesforce (Customer Relationship Management) Practice, a level 7A entry level executive position. Plaintiff is a senior level CRM consulting professional. Plaintiff resides in Irving (Dallas County) Texas.

6.  Plaintiff is founder of a startup product research, development and commercialization firm. Plaintiff owned the company prior to becoming employed with Infosys Limited and continues to operate the company. Plaintiff self-finances the company through her salary earned through employment.

7.  Plaintiff owns a United States patent for a Professional Services Architecture. Plaintiff owned the patent prior to becoming employed with Infosys Limited. Plaintiff applied for the patent in 2005 and was awarded the patent in 2014. Plaintiffs patented architecture can be commercialized in various ways minimally to include: a.) Software. Software can be developed using the architecture as its design model backbone. b.) Systems Architecture. A professional services organization can integrate various systems to enable a sales and delivery platform to perform the architecture's capabilities. c.) Platform as a Service. The architecture can be commercialized to enable Independent Software Vendors to build applications from the architecture's telephony, unified communications, productivity and/or business model objects, processes and/or technical services from the architecture. There are other commercialization models that can be employed as well.

**EXHIBIT A:**

Plaintiff, Tracy Oden v. Defendant, Infosys Limited
Case #

8. Platform as a Service is a cloud computing services category in which a platform (also known as an architecture) allows customers to develop, run, and manage applications without the complexity of building and maintaining the infrastructure typically associated with developing and launching an application.

9. Infosys Limited (hereinafter referred to as Defendant) is an Indian multinational corporation that provides business consulting, information technology and outsourcing services. It is headquartered in Bengaluru, India and does business in the United States.

10. In February 2016, Plaintiff began a nearly four month employment hiring process with Defendant to become employed in Defendant's Salesforce Practice, a CRM consultancy group. The process was expansive and included multiple job interviews, multiple company-required and initiated electronic job applications, several exhaustive background checks to include a social networking background check, a 'No Conflict of Interest Statement', wage negotiations and declaration of previously owned Intellectual Property. The employment hiring process concluded with an Offer of Employment on April 4, 2016.

11. Salesforce (previously known as Salesforce.com) is a cloud computing Customer Relationship Management enterprise software company. Salesforce was founded in 1999. The company commercializes what is known as the Customer Success Platform to tie together the company's CRM product offerings to include sales, service, marketing, analytics, community, and mobile apps. The company also enables independent software developers to use its Customer Success Platform to develop commercial products that can be sold to the general public on the company's application marketplace known as the App Exchange.

12. Salesforce facilitates a Consulting partner and an Independent Software Vendor (ISV) partnership program. The consulting partner program enables

**EXHIBIT A:**

Plaintiff, Tracy Oden v. Defendant, Infosys Limited

Case #

consulting organizations such as Defendant to provide technical or business consulting services around its Customer Success Platform products. The ISV program enables independent software developers such as Plaintiff to develop software products using object components and services from Salesforce's Customer Success Platform. By using object components and services; the ISV is able to create independent software products that can be sold and marketed via the Salesforce App Exchange.

13. Plaintiff is an ISV partner of Salesforce. Plaintiff was an ISV partner prior to becoming a Defendant employee.

14. Defendant is a consulting partner of Salesforce.com. Defendant was a consulting partner prior to Plaintiff becoming a Defendant employee.

15. Plaintiff currently has several software products geared toward various professional services industries derived from Plaintiff's architecture patent. Plaintiff also has a Platform as a Service offering likewise derived from the patent in Plaintiff's company's development pipeline.

16. Plaintiff's first software product, derived from the patent, was originally scheduled in market in 2016 on the Salesforce App Exchange targeting the Systems Integration, Management Consulting and Staffing professional services industries. The initial product called RealTime PSO is now scheduled in market in second quarter 2018.

17. Plaintiff's second product called Realtime Telehealth targets the healthcare professional services market and is likewise in the development pipeline. RealTime Telehealth was scheduled in market on the Salesforce AppExchange in 2017. It too has been delayed. The Plaintiff applied for the software product's internet domain prior to becoming employed by Defendant.

18. The Plaintiff's commercialization plans include selling and marketing RealTime PSO and RealTime Telehealth as well as other software products

4

**EXHIBIT A:**

Plaintiff, Tracy Oden v. Defendant, Infosys Limited
Case #

derived from the architecture on the Salesforce App Exchange, other software
product marketplaces as well as Plaintiff's company's own Platform as a
Service offering.

19. Plaintiff's software development pipeline efforts for RealTime PSO,
    RealTime Telehealth, the Plaintiff's Platform as a Service offering as well as
    other products derived from the patented architecture was underway prior to
    becoming a Defendant employee.

20. The Plaintiff company commercialization plans were in place and being
    executed prior to becoming a Defendant employee.

21. Plaintiff had begun marketing for RealTime PSO as well as the patented
    architecture on social networks such as LinkedIn and YouTube prior to
    becoming a Defendant employee.

22. The interview process between Plaintiff and Defendant began in or around the
    end of the first week in January or February of 2016.

23. On February 4, 2016, Plaintiff had several rounds of in-person interviews with
    various Defendant employees including HR.

24. During February 4, 2016  interviews with Defendant employees and HR,
    Plaintiff was asked questions regarding her company to include the nature of
    her company, patent and products as well as reason for interest in joining
    Defendant. Plaintiff responded by explaining that Plaintiff's company is a
    research, development and commercialization firm. The company specializes
    in creating disruptive products.  Plaintiff stated that the reason for joining
    Defendant is because Plaintiff did not have venture capital and that Plaintiff
    funded company by earning a salary through employment. Plaintiff explained
    that she needed to return to work.

25. On February 29, 2016, during the employment hiring process and prior to
    being offered employment, Defendant required Plaintiff to submit a 'No

5

# EXHIBIT A:
Plaintiff, Tracy Oden v. Defendant, Infosys Limited
Case #

Conflict of Interest Statement' via email confirming that there would not be a Conflict of Interest in Plaintiff working with Defendant and that Plaintiff's clients and responsibilities with Defendant will come before those of Plaintiff's start-up company and Plaintiff's professional loyalty would be towards Defendant.

26. On February 29, 2016, during the employment hiring process and prior to being offered employment, Plaintiff responded to Defendant certifying that Plaintiff did not have a conflict of interest with Defendant and that Plaintiff's private company was not a CRM consultancy and that Plaintiff's private company did not have any CRM clients past or present that would conflict with Defendant. Plaintiff also confirmed that she would dedicate herself to Defendant 100% during the duration of her employment.

27. On April 4, 2017, Plaintiff accepted the offer for employment and returned a signed Offer Letter package to Defendant along with Offer Letter Attachments; which minimally included, a 'List of Prior Inventions and Original Works of Authorship' in which Plaintiff declared a previously owned patent, a signed agreement to participate in company's Bonus Plan and a signed Mutual Arbitration Agreement.

28. Plaintiff was informed that her direct manager would be Srinivas Kamadi, Vice President, Head Enterprise Integration Services & Cloud Applications.

29. Plaintiff was awarded an annual salary of $175, 790 in the accepted offer. In addition to the annual salary, Plaintiff's bonus should have totaled $94,663 of which 50% was guaranteed after 6 months of employment with the remaining 50% based on performance. To be eligible for the 50% guaranteed bonus, the Plaintiff must have been on the rolls of the company on the last day of the evaluation period under consideration. The Plaintiff's total compensation package totaled $270,453.

30. On April 11, 2016, Plaintiff's first day of employment began.

6

## EXHIBIT A:

31. Plaintiff participated in new hire orientation during the week of April 11, 2016. Plaintiff learned of Defendant's Conflict of Interest Policy requiring employees to disclose to HR or other authorities in the company of a known conflict of interest. Plaintiff was not aware of any conflict of interest involving Plaintiff because Plaintiff had already disclosed her ownership of a product company during the hiring process and was awarded the position; therefore, no conflict of interest existed.

32. Plaintiff was informed, within a few days of hire, by Deepak Hangal a Senior Practice Engagement Manager and a lateral employee; that he was appointed by Srinivas Kamadi to be Plaintiff's direct manager. Srinivas Kamadi agreed that this was so.

33. Plaintiff was appointed the responsibility to manage several consulting industries knows as domains within the Salesforce practice by Deepak Hangal. One of the domain's Plaintiff was responsible for was healthcare. Assignments were not based upon industry expertise but assigned randomly or as per request.

34. Plaintiff was contacted by Karthik Nagarajan, a Salesforce Practice Architect, approximately two months, give or take, of Plaintiff being employed by Defendant. Karthik Nagarajan was based offshore in India, at the time, and was one of two architects employed by the Salesforce practice. Karthik Nagarajan wanted to inform Plaintiff about a product he was in the process of developing as a works made for hire for Defendant. The product is called CarePlus. CarePlus is a healthcare software product Karthik Nagarajan wanted to pitch to Plaintiff for her opinion and buy-in. Karthik Nagarajan ultimately wanted Plaintiff to help pitch the idea to Salesforce Practice leadership to further commercialization discussions. Karthik Nagarajan envisioned commercializing CarePlus as a software product as well as a Care as a Service solution for which the company could sell subscription product licensing as well as perform professional services around.

7

**EXHIBIT A:**
Plaintiff, Tracy Oden v. Defendant, Infosys Limited
Case #

35. Plaintiff's understanding of the CarePlus product as well as Plaintiff's understanding of Plaintiff's patent led Plaintiff to believe that the CarePlus product infringes her architecture patent.

36. Plaintiff was unaware that Defendant was in the business of development of software products for general sales and commercial distribution (commercialization) prior to becoming employed by Defendant.

37. Plaintiff was unaware that Defendant had a product called CarePlus prior to becoming an employee of Defendant.

38. Defendant was aware of Plaintiff's research, development and commercialization company prior to Plaintiff being offered a job with Defendant.

39. Defendant was aware of Plaintiff's patent prior to Plaintiff being offered a job with Defendant.

40. Defendant was aware of Plaintiff's RealTime PSO product prior to being offered a job with Defendant.

41. Defendant was aware that Plaintiff had other products in Plaintiff's pipeline that was being derived from Plaintiff's patent.

42. Defendant never communicated to Plaintiff throughout the hiring process that Defendant was developing a software product or any product for commercialization. Commercialization of software is not a normal business practice for a consultancy such as Defendant.

43. Plaintiff verbally informed Deepak Hangal about Plaintiff's conversation with Karthik Nagarajan. Deepak Hangal informed Plaintiff that he and others in the Salesforce practice was already aware of the CarePlus product. He also informed Plaintiff that the Salesforce practice was looking for ways to monetize and commercialize the product.

8

**EXHIBIT A:**
Plaintiff, Tracy Oden v. Defendant, Infosys Limited
Case #

44. Plaintiff verbally informed Deepak Hangal about the infringement impact Plaintiff believed CarePlus had on Plaintiff's patent and asked Deepak to coordinate a meeting with management to discuss. Deepak Hangal informed Plaintiff of his intention to forward Plaintiff's concerns to Srinivas Kamadi.

45. Plaintiff, to avoid insubordination, began to work with Karthik Nagarajan and members of the Business Development team at the request of Salesforce practice management in attempting to garner support to commercialize CarePlus; but without participating in and learning of trade secrets (i.e., pricing models, customers, etc.,) to avoid a conflict of interest. CarePlus fell under the direct domain authority of Plaintiff.

46. Defendant employee Yogesh (last name unknown), Salesforce Offshore Staffing Manager, at the request of several Business Development employees and with the approval of Plaintiff's management asked Plaintiff to use Plaintiff's personal company's professional relationships to find contract resources to staff engagements that Plaintiff was responsible for. Defendant had engagements already in existence prior to Plaintiff joining Defendant's company that Defendant could not staff with Defendant employees because Defendant did not have enough employees in the Salesforce practice in the United States to fulfill the commitments Defendant had promised its customers prior to Plaintiff joining the company. Defendant commonly had a tremendous lag in time from the contractual start date of existing projects to the actual arrival and clearance of offshore resources to arrive in the US because of visa issues. Plaintiff reluctantly agreed to the Defendant's requestors to avoid insubordination, but chose privately not to use a company for which she had a personal professional relationship because she did not wish to commit a conflict of interest.

47. Plaintiff did not obtain any type of response from Srinivas Kamadi or Deepak Hangal after waiting approximately two weeks to address patent concerns.

9

## EXHIBIT A:

Plaintiff, once again, verbally asked Deepak Hangal to arrange a meeting between Plaintiff and Srinivas Kamadi to discuss Plaintiff's patent matter.

48. Plaintiff again waited approximately another two weeks. Plaintiff did not obtain any type of response from Srinivas Kamadi or Deepak Hangal.

49. On Monday, July 18, 2016, Plaintiff eventually constructed an email that was sent to Deepak Hangal. The goal in constructing the email was to ensure that Deepak Hangal and Srinivas Kamadi would: a.) address the CarePlus v. Plaintiff patent issue b.) ensure that Defendant's HR would eventually be informed of the issue. c.) obtain a meeting to discuss the CarePlus v. Plaintiff patent issue and identify how the matter could be resolved without impact to Plaintiff's employment. d.) ensure that Defendant was aware that Plaintiff did not wish to enter into any implied patent assignment agreement. e.) inform HR of Defendant's potential conflict of interest with Plaintiff's patent in line with corporate policy.

50. Deepak Hangal or Srinivas Kamadi did not reply to the email's request for a meeting throughout the remainder of July 2016.

51. Plaintiff asked Deepak Hangal, in approximately the first week of August 2016, if the meeting requested would take place. Deepak Hangal informed the Plaintiff that "she should have remained silent." Deepak Hangal said that the patent matter was now in the hands of HR, legal and senior executives in the company. Deepak Hangal informed Plaintiff that he would let Plaintiff know next steps as soon as he became aware. Plaintiff informed Deepak Hangal that she was forced to communicate the patent issue because it would have future detrimental impact to Plaintiff and Plaintiff's company if she had not.

52. Plaintiff drafted another email to Deepak Hangal and Human Resources after the approximate first week of August verbal conversation with Deepak Hangal. The purpose of the email was to inform management and Human Resources that Plaintiff did not wish to support the CarePlus product.

# EXHIBIT A:

Plaintiff, Tracy Oden v. Defendant, Infosys Limited
Case #

53. On approximately August 22, 2016, Plaintiff received an invite to participate in a conference call with HR and Deepak Hangal to be held on August 26, 2016. Plaintiff believed the meeting was to discuss the CarePlus v. Plaintiff patent issue as she requested.

54. The conference call meeting took place on August 26, 2016 as scheduled. Plaintiff discovered during the meeting that the scope of the meeting was to terminate Plaintiff. Plaintiff was fired On August 26, 2016. Plaintiff secretly recorded the telephone call.

55. Plaintiff performance was deemed good or excellent up until the time of termination. Plaintiff never received any indication verbally or in any other official capacity such as a warning, write up, etc., to indicate otherwise from Deepak Hangal, Srinivas Kamadi or any others in her management hierarchy.

56. Defendant contends that Plaintiff was fired for conflict of interest and was at fault.

57. Plaintiff contends that Plaintiff was not fired for conflict of interest but because Defendant fraudulently induced Plaintiff into employment to fraudulently induce assignment of Plaintiff's patent. Additionally, Defendant was the party attempting to initiate conflicts of interest with Plaintiff after fraudulently induced employment as described in the facts above.

## CLAIMS

58. CAUSE OF ACTION 1 – UNDER THE TEXAS COMMON LAW SABINE PILOT DOCTRINE FOR DISCHARGE OF AN EMPLOYEE FOR REFUSING TO PERFORM AN UNLAWFUL ACT.
As described in the Facts above, Plaintiff was fired solely due to Plaintiff's refusal to carry out an unlawful act in violation of the Sabine Pilot doctrine. The elements of the cause of action for terminating an employee for refusing to commit an unlawful act are set forth in *Sabine Pilot Service, Inc. v. Hauck,*

11

## EXHIBIT A:
Plaintiff, Tracy Oden v. Defendant, Infosys Limited
Case #

*687 S.W.2d 733 (1985).* To establish this claim, a Plaintiff under Sabine Pilot must prove: a.) that the employee was terminated b.) for the sole reason c.) that the employee refused d) to commit an unlawful act. The facts of this case specifically meet this requirement. Plaintiff was fired for refusing to be complicit in actively inducing infringement of a patent under 35 U.S.C. §271(b) in line with the U.S. Supreme Court issued decision in *Global-Tech Appliances, Inc. v. SEB S.A.,* Defendant knew that the acts it induced constituted patent infringement. Defendant acted with "deliberate indifference to a known risk" that a patent exists. Defendant also acted with "willful blindness" knowing that there is a high probability that a patent exists and then took deliberate actions to avoid the fact. Plaintiff is accordingly entitled to relief in the form of back and future lost wages, payment of unpaid guaranteed bonus as well as damages for emotional and mental anguish, compensation for any special damages, prejudgment interest, attorney's fees, and costs of court.

59. CAUSE OF ACTION 2 – FRAUDULENT MISREPRESENTATION
(FRAUD BY OMISSION OR FRAUDULENT CONCEALMENT)
As described in the Facts above, Plaintiff was fraudulently induced into employment by Defendant in order to actively induce infringement of a patent through an 'implied' patent assignment based on 'silence'. Unbeknownst to Plaintiff during the hiring process, Defendant, a multinational corporation that provides business consulting, information technology and outsourcing services was in the process of developing and planning to commercialize a software product called CarePlus; an activity not custom to the trade for the Defendant's nature of business. The Defendant intentionally and knowingly omitted a material fact that it had a software product being developed for commercialization. The Defendant knew the Plaintiff was ignorant of the fact and that the Plaintiff did not have an equal opportunity to discover the truth. The Defendant intentionally and knowingly omitted this fact throughout Plaintiff's extensive hiring process although the Defendant was more than

12

**EXHIBIT A:**

Plaintiff, Tracy Oden v. Defendant, Infosys Limited

Case #

aware of Plaintiff's private research, development and commercialization company, patent and that Plaintiff has various products under development derived from patent. Defendant also ran extensive background checks on Plaintiff to include reviewing Plaintiff's company website as well as social networking page on LinkedIn. Defendant required Plaintiff to write a 'No Conflict of Interest Statement' as a result of knowledge of Plaintiff's company, patent and products. The no conflict statement was requested by Defendant to help the Defendant identify if a conflict existed for the sole reason to determine whether the Plaintiff would be able to move forward in the hiring process or be excluded as a candidate. Plaintiff informed Defendant, in the no conflict statement, that Plaintiff's private company was "not a CRM consultancy" and informed the Defendant that no conflict existed. Defendant had a duty to disclose to Plaintiff that Defendant had a software product being prepared for commercialization so that Plaintiff and Defendant could further investigate if a conflict of interest 'truly' existed prior to Plaintiff accepting the employment offer. This did not occur. Instead, Defendant did not disclose any software product being commercialized. Defendant intentionally did not communicate this material fact knowing that commercialization of software was 'directly' in conflict with the nature of Plaintiff's private company and should have excluded Plaintiff as an employment candidate or, at minimum, should have enabled Plaintiff and Defendant to take a closer look at Defendant's and Plaintiff's products to determine if a conflict existed and if exclusion of Plaintiff as a candidate should occur. Plaintiff would not have accepted employment with Defendant had Defendant disclosed the fact that Defendant was in the business of developing and commercializing software without further inspection of Defendant's software to discover if a conflict existed. Under no uncertain terms would Plaintiff have accepted the offer of employment from Defendant had Plaintiff discovered there was a conflict or the Defendant's software could be considered as infringing Plaintiff's software. Plaintiff relied on Defendant's nondisclosure. Plaintiff was severely

13

**EXHIBIT A:**

Plaintiff, Tracy Oden v. Defendant, Infosys Limited
Case #

injured by Defendant. Plaintiff was induced into employment, wrongfully

terminated, lost wages and must now partake in extensive and costly patent

litigation for which Defendant knows Plaintiff cannot afford. Plaintiff is

accordingly entitled to relief in the form of lost wages the Plaintiff would have

earned had Plaintiff accepted another position with a similar consultancy with

a similar salary as well as damages for emotional and mental anguish,

compensation for any special damages, prejudgment interest, attorney's fees,

and costs of court.

60. CAUSE OF ACTION 3 – FRAUDULENT MISREPRESENTATION.

As described in the Facts above, in addition to fraudulently inducing Plaintiff

into employment to gain illegal assignment of Plaintiffs patent; Defendant was

responsible for paying Plaintiff a guaranteed bonus in line with the

Defendant's Bonus Plan. The Plaintiff's performance was good throughout the

duration of Plaintiff's employment. The Defendant used Plaintiff's

professional knowledge and experience and then terminated Plaintiff shortly

before Plaintiff was eligible to receive the guaranteed bonus; thereby

fraudulently representing a bonus payout Defendant never intended to pay.

Plaintiff is entitled to relief in the form of $47,331.00.

61. CAUSE OF ACTION 4 – CORPORATE NONFEASANCE,

MISFEASANCE AND/OR MALFEASANCE.

As described in the Facts above, Defendant committed nonfeasance. The

Defendant failed to act where action was required to immediately attempt to

resolve the patent infringement matter when Plaintiff requested on numerous

occasions, with no action from Defendant, to meet with managers and/or HR

to discuss the CarePlus product and the impact the product had on the

Plaintiff's patent. Defendant also committed misfeasance by willfully and

inappropriately making a decision to intentionally move forward with

inducing infringement of Plaintiff's patent knowing that the Plaintiff made

Defendant aware that a patent existed. Defendant also willfully and

**EXHIBIT A:**

Plaintiff, Tracy Oden v. Defendant, Infosys Limited
Case #

intentionally injured Plaintiff, as described in the facts above, committing malfeasance. Plaintiff is entitled to relief in the form of emotional and mental anguish, punitive damages, compensation for any special damages, prejudgment interest, attorney's fees, and costs of court.

62. CAUSE OF ACTION 5 – UNJUST ENRICHMENT. As described in the Facts above, Defendant is willfully and recklessly attempting to profit off of Plaintiff without making restitution for the reasonable value of Plaintiff's intellectual property. Defendant has refused to cease and desist in the development and commercialization of its CarePlus product. Defendant is also not interested in properly licensing usage of Plaintiff's patent to avoid infringement. Plaintiff is entitled to injunctive relief to halt further development and commercialization of Defendant's CarePlus product until an infringement ruling can be made in an intellectual property court of law. Without the injunction; Defendant will earn profits derived from CarePlus that would belong to Plaintiff.

63. CAUSE OF ACTION 6 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

As described in the Facts above, Plaintiff was fraudulently induced into employment by Defendant in an attempt to induce illegal assignment of Plaintiff's patent through an 'implied' patent assignment based on 'silence'. Defendant also made a statement that Plaintiff should have 'remained silent' about Defendant's attempted illegal assignment of Plaintiff's intellectual property rights in order to remain employed. Had Plaintiff remained silent, Plaintiff would have given Defendant an implied assignment. By speaking up, Plaintiff was terminated unlawfully. The Defendant acted intentionally or at minimum recklessly in inducing Plaintiff into employment to induce illegal assignment of Plaintiff's patent. The Defendant's conduct was extreme and outrageous, Plaintiff suffered emotional distress as a result and continues to do

**EXHIBIT A:**

Plaintiff, Tracy Oden v. Defendant, Infosys Limited
Case #

so because Plaintiff has refused to cease and desist infringement of Plaintiff's
patent and has threatened to use its global power to void her patent. The
emotional distress Plaintiff is experiencing is extreme because of the loss of
employment, loss of salary because of the loss of employment which prohibits
the continuation of commercialization of her own products and the legal costs,
in which Plaintiff does not have, associated with defending her patent against
a multinational conglomerate that intentionally inflicted the legal injury.
Plaintiff is accordingly entitled to relief as the court deems appropriate.

64. Plaintiff requests a jury.

Respectfully submitted,

By:  /s/Tracy Oden

Tracy Oden, Plaintiff (pro se)
7825 Heathrow Dr.
Irving, TX 75063
T: 678-847-1225

Dated: _10-11_, 2017

# EXHIBIT A:

Plaintiff, Tracy Oden v. Defendant, Infosys Limited
Case #

## CERTIFICATE OF SERVICE

I certify that on the ___ day of October, 2017, I served a true copy of this document on the following by email and one (1) hard copy to:

**Name of Party or Party's attorney of record or agent:**

1. Patrick W. Spangler
   Vedder Price P.C.

2. Michelle T. Olson
   Vedder Price P.C.

**Date and time email sent:**

October __, 2017 ___ AM/PM CST

**Email address:**

molson@vedderprice.com
pspangler@vedderprice.com

Mailing Address:
Vedder Price P.C.
222 North LaSalle Street Chicago, Illinois 60601
T: +1 312 609 7500

Respectfully submitted,

By:  /s/Tracy Oden

Tracy Oden, Plaintiff

Tracy Oden
7825 Heathrow Dr.
Irving, TX 75063
T: 678-847-1225

Dated: October / /, 2017

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

RECEIVED

OCT 11 2017

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Tracy Oden | Infosys Limited   317 - CV 2794 - G |

**317 - CV 2794 - G**

| (b) County of Residence of First Listed Plaintiff  Dallas County, TX | County of Residence of First Listed Defendant  Santa Clara County, CA |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Tracy Oden (pro se)<br>7825 Heathrow Dr., Irving , TX 75063<br>+1 678-847-1225 (cell) | Patrick W. Spangler & Michelle T. Olson of Vedder Price P.C.<br>222 North LaSalle Street Chicago, Illinois 60601<br>T: +1 312 609 7500 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☒ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☒ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Texas Sabine Pilot Doctrine

Brief description of cause:
Wrongful Termination

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. | DEMAND $ 1,000,000.00 | CHECK YES only if demanded in complaint:<br>JURY DEMAND: ☒ Yes  ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | *(See instructions):* | JUDGE | DOCKET NUMBER |
|---|---|---|---|

| DATE  10/12/2047  T.C  10-11-17 | SIGNATURE OF ATTORNEY OF RECORD   *(pro se)* |
|---|---|

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|