IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TRACY ODEN,<br><br>    Plaintiff,<br><br>v.<br><br>INFOSYS LIMITED,<br><br>    Defendant. | Case No. 3:17-cv-02794-G-BT |

### FINDINGS, CONCLUSIONS, AND RECCOMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court in this civil action is *pro se* Plaintiff Tracy Oden's Motion for Reconsideration of the Order Accepting Findings, Conclusions, and Recommendation of the United States Magistrate Judge (ECF No. 48). For the reasons stated, Plaintiff's Motion for Reconsideration should be DENIED.

### Background

This is a wrongful termination case brought by Plaintiff against her former employer. *See* Am. Compl. 1, ¶¶ 1-2 (ECF No. 9). Because the facts underlying the parties' dispute are discussed in detail in the August 31, 2018 Findings, Conclusions, and Recommendation (FCR) of the United States Magistrate Judge (ECF No. 45), the Court limits its discussion of the facts here to those that are necessary to resolve the pending motion.

Plaintiff filed this lawsuit in federal district court on October 11, 2017, asserting claims for wrongful termination; fraudulent misrepresentation;

fraudulent inducement of employment; corporate nonfeasance, misfeasance, and malfeasance; unjust enrichment; and intentional infliction of emotional distress. *Id.* at 16-22, ¶¶ 79-85. In response to Plaintiff's Complaint, Defendant filed a motion to dismiss and to compel arbitration because Plaintiff's claims are subject to a binding agreement to arbitrate. Def.'s Br. Support Mot. Compel Arbitration, Dismiss 8 (ECF No. 15). This Court then entered the FCR recommending that the District Court grant Defendant's motion to dismiss and compel arbitration because the parties had entered a valid arbitration agreement that covered all of Plaintiff's claims. FCR 10. Plaintiff did not file any objections to the FCR, and the District Court accepted the FCR by Order dated September 25, 2018 (ECF No. 46) (the "Prior Order"). On the same day, the District Court entered a final judgment dismissing Plaintiff's claims with prejudice. J. (ECF No. 47).

The parties subsequently commenced an arbitration proceeding and scheduled an arbitration hearing for August 12, 2019. Def.'s Resp. 2-3 & Ex. 5 (ECF No. 49).[1] In advance of the arbitration hearing, Plaintiff filed the pending motion asking the District Court to modify the Prior Order and judgment to provide that her claims are dismissed "*without* prejudice," rather than "*with* prejudice." Mot. Reconsideration 3. Plaintiff contends the parties' arbitration agreement was induced by fraud, which is an issue for the arbitrator to decide. *Id.* at 2-3. Plaintiff argues the Prior Order should be modified so she will not be precluded from

---

[1] The parties have not advised the Court as to the outcome of the scheduled arbitration.

returning to federal court when the arbitrator determines that the arbitration agreement was in fact induced by fraud. *Id.* Plaintiff's motion is fully briefed and ripe for determination.

## Legal Standard and Analysis

Plaintiff moves this Court to reconsider the Prior Order "[p]ursuant to Federal Rule of Civil Procedure 60," including under Rule 60(a), 60(b)(1), 60(b)(2), 60(b)(5), and 60(b)(6). Mot. Reconsideration 1; Reply Supporting Mot. Reconsideration 1, 17 (ECF No. 50) ("Reply"). Specifically, Plaintiff seeks reformation of the final judgment to dismiss her claims without prejudice, instead of with prejudice, in anticipation of the arbitrator's decision that the parties' arbitration agreement was induced by fraud. *Id.* at 2-3 ("Plaintiff petitions the Court to modify the Order as Dismissed without Prejudice on stipulation that the Arbitration Agreement between Plaintiff and Defendant is made void by the presiding Arbitrator.").

Plaintiff is not entitled to relief under Rule 60(a), which provides for correction of a court's order for clerical mistakes arising from oversight or omission. Fed. R. Civ. P. 60(a). Rule 60(a) is interpreted narrowly. *In re Am. Precision Vibrator Co.*, 863 F.2d 428, 429-30 (5th Cir. 1989). Errors that involve judgment or discretion, especially those that affect the substance of the judgment, are not clerical errors under Rule 60(a). *Id.* at 430. The district court's dismissal of Plaintiff's claims with prejudice is not an error, clerical or otherwise. Because the parties' arbitration agreement covered all of Plaintiff's claims (FCR 8), Plaintiff

3

was bound to submit them to arbitration. Moreover, dismissal with prejudice rather than without prejudice, if done in error, is not a clerical error within the meaning of Rule 60(a). The nature of the dismissal affects the substance of the judgment as it dictates whether the plaintiff is entitled to bring those same claims again. A dismissal with prejudice is an adjudication on the merits in favor of the defendant for purposes of res judicata. *Schwarz v. Folloder*, 767 F.2d 125, 130 (5th Cir. 1985); *Bentley v. Fanguy*, 396 F. App'x 130, 131-32 (5th Cir. 2010) (per curiam). The district court's dismissal of Plaintiff's claims with prejudice therefore is not a clerical error. Plaintiff cannot avail herself of Rule 60(a).

Nor is Plaintiff entitled to relief under Rule 60(b), which provides that a court may relieve a party from a final judgment or order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). Relief under Rule 60(b) is considered an extraordinary

remedy, and the need for predictability mandates caution in reopening judgments. *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005) (citations omitted). The movant bears the burden of establishing at least one of the Rule 60(b) requirements to obtain relief. *Harrison v. Baylor Univ. Med. Ctr.*, 2018 WL 7048085, at *2 (N.D. Tex. Dec. 21, 2018) *rec. adopted*, 2019 WL 202325 (N.D. Tex. Jan 15, 2019).

Plaintiff is not entitled to relief under Rule 60(b)(1) because, as discussed above, the District Court did not mistakenly dismiss her claims with prejudice. Dismissal with prejudice is warranted where a valid arbitration agreement covers a plaintiff's claims. *See, e.g.*, *Matos v. AT&T Corp.*, 2019 WL 5191487, at *1 (N.D. Tex. Oct. 15, 2019) (dismissing action with prejudice where terms of arbitration agreement required claims to be arbitrated); *Deosaran v. Ace Cash Express, Inc.*, 2017 WL 1318568, at *3 (N.D. Tex. Mar. 23, 2017) (recommending same) *rec. adopted*, 2017 WL 1296453 (N.D. Tex. Apr. 7, 2017). Plaintiff's claims were governed by the parties' arbitration agreement and were required to be submitted to arbitration for adjudication. Dismissal with prejudice was proper and was not entered by mistake, inadvertence, or neglect.

Plaintiff is likewise not entitled to relief under Rule 60(b)(2). To obtain relief under Rule 60(b)(2), the movant must demonstrate that new evidence exists, that she exercised due diligence in obtaining it, and that it is "material and controlling and clearly would have produced a different result if presented before the original judgment." *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 771 (5th Cir. 1995) (quotation marks and citation omitted). Plaintiff avers that prior to

5

arbitration she read an article about a lawsuit that "directly relates" to another lawsuit pending against Defendant and that "[e]ach lawsuit points to . . . the former CEO and Managing Director of [Defendant] . . . [as] willfully spearhead[ing] illegal appropriation of Intellectual Property." Reply 12. Neither the article, published June 22, 2018, nor the then-existing lawsuit it references is new evidence. The article was published almost two months before the District Court entered the Prior Order. Plaintiff does not explain why she could not have discovered the article or the fact of the other litigation earlier. Further, Plaintiff's claimed new evidence would not have caused a different result if presented to the Court prior to the entry of the Prior Order. Allegations in a wholly unrelated lawsuit are irrelevant to the issue of the arbitration agreement's validity, which is a matter for the arbitrator to decide. Therefore, Plaintiff is not entitled to Rule 60(b)(2) relief.

Plaintiff is not entitled to relief under Rule 60(b)(5). Relief under Rule 60(b)(5) requires a showing that changed circumstances from the prior judgment warrant modification. *Horne v. Flores*, 557 U.S. 433, 447 (2009). For example, the movant may be entitled to Rule 60(b)(5) relief if "a significant change in either factual conditions or in law renders continued enforcement detrimental to the public interest." *Id.* (internal quotation marks and citations omitted). Plaintiff has not shown that circumstances have changed since entry of the Prior Order. She merely speculates that the Arbitrator will void the parties' arbitration agreement. Reply 16. Such speculation does not meet the burden of establishing changed circumstances.

Finally, Plaintiff is not entitled to relief under Rule 60(b)(6). Rule 60(b)(6) relief is only available in "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). Such circumstances "may include, in an appropriate case, the risk of injustice to the parties and the risk of undermining the public's confidence in the judicial process." *Buck v. Davis*, 137 S. Ct. 759, 778 (2017) (internal quotation marks and citations omitted). *See also Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (explaining that even "changes in decisional law . . . do not constitute the 'extraordinary circumstances' required for granting Rule 60(b)(6) relief"). Plaintiff argues that "[i]f the Order is not corrected, the ruling will result in manifest injustice" to her because she would be "barred from reopening her Complaint in Federal court and would therefore have no venue to have her Complaint heard." Mot. Reconsideration 3. But, even assuming a permanent bar on bringing her claims in federal court constitutes an extraordinary circumstance under Rule 60(b)(6), Plaintiff has not demonstrated that such circumstance presently exists. Plaintiff has not established that the arbitrator voided the parties' arbitration agreement.

## Recommendation

For the foregoing reasons, Plaintiff's Motion for Reconsideration (ECF No. 48) should be DENIED.

**SIGNED** November 1, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).